Rolfe Building Materials Company v. Commissioner.
Rolfe Bldg. Materials Co. v. Commissioner
Docket No. 110268.
United States Tax Court
1943 Tax Ct. Memo LEXIS 137; 2 T.C.M. (CCH) 700; T.C.M. (RIA) 43402; August 30, 1943
*137 Under the facts, held that debenture preferred stock issued by a corporation in exchange for its common shares does not represent an indebtedness of the corporation, and payments thereon held not to be deductible as interest. Arnold B. Rosenthal, C.P.A., 5 Elm Row, New Brunswick, N.J., for the petitioner. Paul P. Lipton, Esq., for the respondent. TYSON Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax against the petitioner for the year 1938 in the sum of $312.50. The sole question presented is whether amounts paid by the petitioner on its debenture preferred stock in 1938 constituted interest deductible from gross income. The proceeding has been submitted upon the pleadings and a stipulation of facts. Stipulated facts not set forth are included herein by reference. Findings of Fact The petitioner is a corporation organized under the laws of New Jersey with offices in New Brunswick, New Jersey. It filed its Federal income and excess profits tax return for 1938 with the collector of internal revenue at Newark, New Jersey. On December 29, 1932, Harry J. Rolfe, president and majority owner of the outstanding capital stock of *138 the petitioner, died, leaving a will in which he bequeathed to his wife, Rosetta, "During her life, an annuity of twenty-five hundred dollars, payable quarterly" from the date of his death. The will contained no other provision with respect to the payment of this annuity. Castner Rolfe, son of the testator, was named executor and residuary legatee. The residuary estate included 510 shares of common stock of the petitioner which were distributed to Castner Rolfe on January 4, 1934. During the years 1933 to 1936, inclusive, the petitioner paid the $2,500 annuity to Rosetta and deducted it as a business expense on its Federal income tax returns for those years. Upon examination and audit of the petitioner's returns for 1935 and 1936 the annuity claimed as a deduction was disallowed. During 1936 an accountant advised the officers of the petitioner that the annuity payments to Rosetta were not deductible for income tax purposes. As of October 22, 1936, the petitioner's certificate of incorporation provided for an authorized capital of $250,000 consisting of $50,000 in preferred stock and $200,000 in common stock. On that date, the total outstanding stock consisted of 781 shares of common *139 stock with a par value of $100. Of these shares Castner Rolfe, president of the petitioner, owned 760, Marie A. Queenan, vice-president and treasurer, owned 20 and J. Clifford Kuhn, secretary, owned 1. On October 23, 1936, the petitioner declared and paid a 100 percent stock dividend in its common stock to the shareholders named in the foregoing paragraph and, thereafter, the shares were held as follows: Castner Rolfe, 1,520 shares; Marie A. Queenan, 40 shares; and J. Clifford Kuhn, 2 shares. On October 23, 1936, the petitioner's board of directors adopted the following resolution providing for an amendment to its certificate of incorporation: FOURTH: The total authorized capital stock of this corporation is two hundred and fifty thousand dollars ($250,000.00) divided into twenty-five hundred (2500) shares of the par value of one hundred dollars ( $100.) each and of the said stock, five hundred (500) shares are to be debenture preferred stock and two thousand (2000) shares to be common stock. The debenture preferred stock may be issued as and when the Board of Directors shall determine, and shall entitle the holder thereof to receive, and the corporation shall be bound to pay thereon, *140 interest at the rate of, but never exceeding, five per centum per annum cumulative, from and after the first day of January, 1936 payable quarterly or otherwise, as the Board of Directors may from time to time determine, before any dividend shall be set apart or paid on the common stock; said debenture preferred stock shall be payable in twenty (20) years, and shall be redeemable at par, plus accrued interest, at any time the Board of Directors shall so determine, and upon notice to the holders thereof of the redemption date. No interest shall be paid thereon subsequent to said redemption date, and thereafter the holders thereof shall be entitled to the par value of said debenture preferred stock. Said debenture preferred stock shall be payable in cash or in such other form or manner as the Board of Directors may determine. After the payment of all interest on said debenture preferred stock, the directors shall, if in their judgment the surplus or net profits, after deducting the amount of interest to accrue on the debenture preferred stock during the current year, shall be sufficient for such purpose, have power then or thereafter to declare and pay a dividend on the common stock. *141 In case of liquidation or dissolution or distribution of the assets of the corporation, the holders of the debenture preferred stock shall be paid the par value of their shares, and the amount of interest accumulated and unpaid thereon, before any amount shall be payable to the holders of the common stock, and after the payment of the par value of such debenture preferred stock to the holders thereof, the balance of the assets and funds shall be distributed ratably among all common shareholders without preference. The debenture preferred stock shall have no voting powers. SIXTH: The corporation shall not issue bonds or execute mortgages or chattel mortgages upon its property or franchises without the consent of the stockholders holding at least ninety per cent of the debenture preferred stock of the corporation, which consent shall either be in writing and be filed in the office of the corporation, or shall be given by a vote at a stockholders' meeting called for that purpose. The stockholders adopted this amendment on October 26, 1936 and it was recorded with the Secretary of State of New Jersey on November 13, 1936. On November 14, 1936, pursuant to a resolution of the board *142 of directors, 500 shares of the debenture preferred stock were issued to Castner Rolfe in exchange for 500 shares of his common stock. The debenture preferred stock certificate issued to Castner Rolfe reads as follows: DEBENTURE PREFERRED CAPITAL STOCK ROLFE BUILDING MATERIALS COMPANY Fully paid and non-assessable Par Value $100.00 THIS IS TO CERTIFY that J. CASTNER ROLFE is the registered holder of five hundred (500) shares of Debenture Preferred Capital Stock of this company, transferable only on the books of this company, in person or by duly authorized attorney, upon surrender of this certificate properly endorsed. This stock represents all of an issue amounting to Fifty thousand dollars ($50,000.00) par value, authorized by the Certificate of Incorporation of the company filed in the office of the Secretary of State of the State of New Jersey on the second day of January, nineteen hundred and six, as amended by certificate of amendment filed in said office on the thirteenth day of November, nineteen hundred and thirty-six. This certificate entitles the holder thereof to receive, and the company is bound to pay interest at the rate of five per centum per annum, payable *143 quarterly before any dividend shall be set apart or paid on the common stock. and the interest on the debenture preferred stock shall be cumulative. WITNESS the seal of the company and the signatures of its president and treasurer this fourteenth day of November, nineteen hundred and thirty-six. The petitioner made the foregoing changes in its capital structure in an effort to obtain an annual income tax deduction of $2,500 and to provide Castner Rolfe with an income with which to pay the annuity to Rosetta. In 1938 the petitioner paid $2,500 to Castner Rolfe pursuant to the provisions of the debenture preferred stock and claimed a deduction therefor on its income tax return for that year. In the petitioner's balance sheet shown on its income tax return the debenture preferred stock was listed as "preferred stock" under the heading "Capital stock". The respondent disallowed the claimed deduction, stating that the "payments made by the taxpayer corporation on so-called 'Debenture Preferred Stock' were dividends and as such, not allowable as an ordinary and necessary business expense." Opinion TYSON, Judge: The sole question presented by the pleadings is whether the amount paid *144 on the debenture preferred stock during the taxable year was interest. For such amount to have been interest the debenture preferred stock must have constituted an indebtedness of petitioner. We are of the opinion that the circumstances surrounding the issuance of that stock were such that it cannot be said to have constituted an indebtedness and that the payment in question was not of interest. Our opinion is based upon the following circumstances and authorities: the new debenture preferred stock was issued in exchange for common stock of petitioner, which originally represented a capital investment, and not for new capital paid into or loaned to petitioner, ; ; the certificate of incorporation, after the amendment to provide for the issuance of the debenture preferred stock, included that stock as a part of the petitioner's total authorized capital stock; the petitioner treated the debenture preferred stock as a part of its capital structure in the balance sheet on its income tax return for the taxable year when it listed *145 the stock as "preferred stock", under the heading, "Capital stock", ;; the debenture preferred stock certificate itself was headed, "Debenture Preferred Capital Stock, Fully paid and non-assessable, par value $100.00", which terms are more consistent with a capital stock certificate than with a certificate of indebtedness, Cf. ; by the terms of the certificate it was transferable only on the books of the company; and the claims of creditors were superior to the claim of the debenture preferred stockholder since the certificate of incorporation provided that the debenture preferred stock was a part of its capital structure. Petitioner relies on several factors as supporting its contention that the payments on the debenture preferred stock were deductible as interest. As one of these factors it points out that the debenture preferred stock was payable in 20 years. The certificates of the debenture preferred stock do not state when they were payable. But even assuming, although *146 not so deciding, that the certificates were payable in 20 years by reason of the provision in the amended articles of incorporation that the certificates "shall be payable in twenty years", that fact does not necessarily indicate the existence of an indebtedness. , affirming , . As another factor petitioner points out that it could not issue bonds or execute mortgage without the consent of 90 percent of the debenture preferred stockholders. This is of no consequence. As still another factor petitioner states that the "interest must be paid whether or not any profits are earned by the company". The record does not establish that this statement is correct, but even if it is true, "We do not think that the source of the funds from which the obligation ultimately is to be paid alone determines the character of the obligation." *147 See The factors pointed out by the petitioner, that the annual amount payable on the debenture preferred stock is at a fixed rate of five percent, that the debenture preferred stockholders have no voting power, that the debenture preferred stock is in the definite sum of $50,000, could all apply to preferred stock equally as well as to an indebtedness and therefore can be given little, if any, weight in determining whether or not the payment in question was of interest. We hold that the payment in question on the debenture preferred stock of petitioner was not of interest and that petitioner is not entitled to its claimed deduction by reason of such payment. Decision will be entered for the respondent.